ALBANY,
Feb. 1810.

NICHOLS
v.
GREGORY.

EXECUTORS of DOOLITTLE *against* EXECUTORS of WARD.

KELLOGG, for the defendants, moved to set aside the default entered in this cause for want of a plea, on the ground of irregularity.

*Sill*, contra, read an affidavit, that on the 20th *September* last, he enclosed in a letter, put into the mail at *Whitestown*, a declaration in the above cause, with a notice of the rule to plead, thereon endorsed, directed to the defendant's attorney at *Skeneateles ;* and that he *verily believed* that the declaration and notice were received by the defendant's attorney, as early as the 1st day of *October ;* and that the same was, in fact, received by the said attorney.

*Per Curiam.* The affidavit of the service of the copy of the declaration and notice of a rule to plead, on which a default is entered, must be positive and sufficient, *at the time* when the default is entered; it cannot be supplied by a subsequent knowledge of the fact of its having been received. The belief of the defendants' attorney, in this case, was founded altogether on his knowledge of the course of the mail. The rule must be granted.

*An affidavit of the service of a copy of a declaration, and notice of the rule to plead, must be positive and sufficient, at the time the default is entered thereon, for not pleading. It cannot be made good, by a subsequent knowledge of the fact, that the notice was received by the defendant's attorney at the time.*

---

## NICHOLS *against* GREGORY.

THE defendant having been confined, on execution, in the gaol in the county of *Delaware*, for more than three months, *Hawkins*, in his behalf, now presented his petition to be brought up, in order to be discharged under the act for the relief of debtors, with respect to the imprisonment of their persons.

*A prisoner may be brought up from a different county from that in which the court sits, in order to be discharged under the act for the relief of their persons.*

the imprisonment of their persons, passed the 24th *March*, 1801. It was proved that due notice of the presenting the petition had been given, according to the directions of the statute.

*Per Curiam.* Take your rule to bring up the defendant at such a day during term, as will give sufficient time for the purpose.

Rule granted.

---

WILKES *against* HOTCHKISS, late SHERIFF of DELA-
WARE.

When the defendant, on a motion to set aside a default, sets forth in his affidavit the facts which constitute the merits of his defence, so that the court can judge of the merits, it is sufficient, without saying he is advised by counsel.

SHERWOOD, for the defendant, moved to set aside the judgment obtained by default, in this case, which was an action for an *escape*. The affidavit of the defendant stated, that the writ, issued in the cause, was served upon him a short time before the last *May* term, by a deputy of the sheriff, residing at *Delhi*. The writ contained no *ac etiam* clause, and the defendant did not know the ground of the plaintiff's action; but he wrote to his attorney at *Delhi*, to appear for him, and take charge of the suit; and supposed that his letter was received; but he heard nothing further of the suit, until he was served with a *ca. sa.*; that he understood the suit to be for the escape of one A. D. on *mesne process;* and that he had a good and substantial defence on the merits.

*Henry*, contra, objected, that the defendant in swearing to a defence on the merits, did not state that he was *advised by counsel*, as to such defence.